IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH L. STANLEY,

    Plaintiff,                                  No. CIV S-06-2322 FCD CMK P

    vs.

BAKER, et al.,

    Defendants.

                           /                    ORDER

           Plaintiff is a state prisoner proceeding without counsel in this civil rights action. By order filed November 2, 2006, plaintiff's complaint was dismissed with thirty days leave to file an amended complaint. Plaintiff filed two amended complaints on December 27, 2006. (Docs 7&8.)  The complaints are very similar; for example, both were signed by plaintiff on December 6, 2006.  After careful review, it is apparent that the complaint which is document 8, is a more complete complaint and relates back to the allegations in the original complaint. Accordingly, the court treats document 8 as the operative complaint and will order the Clerk of the Court to strike document 7 from the record and it shall be disregarded.

           Plaintiff's amended compliant contains a detailed narrative about his transportation to Tracy State Prison.  It is also alleges that plaintiff was given a lower bunk chrono; despite this chrono, he was housed in a top bunk; and that he suffered injury when he

1

fell from the top bunk. As plaintiff's original complaint only mentioned the injury resulting from the alleged placement in the top bunk despite the lower bunk chrono, the allegations relating to his transport to Tracy State Prison do not relate back to the original complaint and are not proper. See Fed. R. Civ. P 15(c)(2). The court finds that the allegations in plaintiff's amended complaint concerning the placement in and fall from the top bunk state a cognizable claim for relief against defendant Baker and defendant John Doe pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. Plaintiff will be directed to provide forms and copies required for service of defendant Baker.

Plaintiff's amended complaint identifies a John Doe who was involved in plaintiff placement in the top bunk. The court cannot order service of process on fictitious defendants. Upon discovering the name of the "Doe" defendant, plaintiff must promptly file a motion for leave to amend, accompanied by a proposed amended complaint identifying the additional defendant or defendants. Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is cautioned that undue delay in discovering defendants' names and seeking leave to amend may result in the denial of leave to proceed against these defendants.

///
///
///
///

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendant: Baker

2. The Clerk of the Court shall send plaintiff one USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed December 27, 2006, which is numbered document 8 in the record.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for the defendant listed in number 3 above; and

    d. Two copies of the endorsed complaint filed December 27, 2006, which is numbered document 8 in the record.

4. Plaintiff need not attempt service on any defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. Plaintiff is warned that failure to comply with this order may result in dismissal of the action. See Local Rule 11-110.

6. The amended complaint filed on December 27, 2006 which is numbered document number 7 in the record shall be stricken from the record and disregarded.

DATED: January 25, 2007.

                                                                     **CRAIG M. KELLISON**
                                                                       UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Plaintiff, | | No. CIV |
| vs. | | |
| | | NOTICE OF SUBMISSION |
| Defendants. | | OF DOCUMENTS |
| _____ / | | |

Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

_____ completed summons form

_____ completed USM-285 forms

_____ copies of the _____
            Complaint/Amended Complaint

DATED:


_____
Plaintiff