IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH L. STANLEY,      No. CIV S-06-2322-FCD-CMK-P

    Plaintiff,

  vs.      <u>FINDINGS AND RECOMMENDATIONS</u>

BAKER,

    Defendant.

_____/

      Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss (Doc. 16), filed April 20, 2007. Defendants argue that plaintiff failed to exhaust available administrative remedies. Plaintiff has not filed an opposition.[1]

**I. BACKGROUND**

      Plaintiff filed his civil rights complaint on October 20, 2006. This complaint was dismissed on November 2, 2006, and plaintiff was granted leave to file an amended complaint.

---

[1] This motion was originally filed on April 20, 2007. However, due to plaintiff's change of address, defendants re-served the motion on plaintiff on April 27, 2007, and again on September 10, 2007.

1

Plaintiff filed his amended complaint on December 27, 2006.  On January 30, 2007 this court issued an order stating that service was appropriate for defendant Baker.  Defendant Baker appeared by filing this motion to dismiss based on plaintiff's failure to exhaust administrative remedies.  Plaintiff filed an inmate grievance on June 29, 2006 complaining about legal mail inspection and being assigned to a top bunk.  This grievance was denied at the informal level on July 14, 2006 and was rejected at the formal level on September 7, 2006.  Plaintiff also claims he also filed a grievance in November 2006.

In plaintiff's complaint he alleges that although he had a lower bunk chrono, he was required to take a top bunk because his cell mate also had a lower bunk chrono.  Plaintiff claims he made defendant Baker aware of the situation by showing defendant Baker a copy of his chrono, but the situation was not remedied.  Plaintiff further claims that due to periodic dizzy spells, he fell off the top bunk hitting his head.  As a result of this fall, plaintiff had to have a cat-scan which found he suffered a mild concussion.

## II.  STANDARD FOR MOTION TO DISMISS

A motion to dismiss for lack of exhaustion of administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b).  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleading and decide disputed issues of fact."  Id. at 1119-20.  If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice.  See id. at 1120.

## III.  DISCUSSION

Defendants argue in their motion to dismiss, that this action should be dismissed because plaintiff failed to exhausted all administrative remedies.

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling

Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 127 S.Ct. 910 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted.  The Supreme Court also held in Woodford v. Ngo, 126 S.Ct. 2378, 2385-88 (2006), that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules and that partial compliance is not enough.

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of Regulations.  In California, inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  These regulations require the prisoner to proceed through several levels of appeal:  (1) informal resolution; (2) formal appeal; (3) second level appeal to institution head; (4) third level appeal to the director of the California Department of Corrections and Rehabilitation.  A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy.  See Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).  Departmental appeals coordinators may summarily deny a prisoner's untimely administrative appeal.  See Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c).   If a group of inmates intend to appeal the same decision or action, one grievance form is used and a list of the participating inmates must be attached.  The list must

be legible and state the inmates' names, departmental identification numbers, and housing assignment. The form must also be signed by all participating inmates. Currently, California regulations do not contain any provision specifying who must be named in the grievance.

In certain circumstances, the regulations make it impossible for the inmate to pursue a grievance through the entire grievance process. See Brown v. Valoff, 422 F.3d 926, 939 n. 11 (9th Cir. 2005). Where a claim contained in an inmate's grievance is characterized by prison officials as a "staff complaint" and processed through a separate confidential process, prison officials lose any authority to act on the subject of the grievance. See id. at 937 (citing Booth, 532 U.S. at 736 n. 4). Thus, the claim is exhausted when it is characterized as a "staff complaint." See id. at 940. If there are separate claims in the same grievance for which further administrative review could provide relief, prison regulations require that the prisoner be notified that such claims must be appealed separately. See id. at 939. The court may presume that the absence of such a notice indicates that the grievance did not present any claims which could be appealed separate from the confidential "staff complaint" process. See id.

In this case, plaintiff began the process of exhausting his administrative remedies, but did not complete it. His first inmate grievance was denied at the informal level, and he submitted it to the formal level (or the second step). However, on September 7, 2006, his grievance was rejected at the formal level because his complaint could not be understood. He was informed at that time that he needed to clarify what he was complaining about and what he wanted. Plaintiff did not do so nor did he submit his grievance to the next level.

Plaintiff claims he filed another grievance in November 2006. However, even if this grievance would have been exhausted, which there is no indication it was, plaintiff's administrative remedies would not have been exhausted prior to his filing of this civil rights complaint on October 20, 2006. Therefore, plaintiff has not exhausted his administrative remedies.

///

Based on the foregoing, the undersigned recommends that defendant's motion to dismiss (Doc. 20) be granted and this action be dismissed for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 16, 2007

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE